THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SAMMIE E. KIM,<br><br>Plaintiff,<br>v.<br><br>T-MOBILE USA, INC.,<br><br>Defendant. | Case No.: 2:26-cv-01755-JHC<br>DEFENDANT T-MOBILE USA INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE LIMITED SECOND AMENDED COMPLAINT<br><br>Noted for: December 1, 2026<br>Without Oral Argument |

## I. INTRODUCTION

Defendant T-Mobile USA, Inc. ("T-Mobile") respectfully requests that this Court deny Plaintiff's Motion for Leave to file a Second Amended Complaint ("SAC"). Plaintiff seeks leave while T-Mobile's fully briefed Motion to Dismiss her First Amended Complaint ("FAC") is pending, and she has already told the Court that a further amendment may follow. *Defendant's Motion to Dismiss* (Dkt. 9) ("*Motion to Dismiss*" or "*MTD*"); *Plaintiff's Motion for Leave to Conduct Ltd. Early Disc.* (Dkt. 25) ("*Discovery Motion*") at 7. By her own description, the proposed SAC will only change a single paragraph (paragraph 64) to describe a March 27, 2023, Complaint-Warrant and a municipal-court case-search record tied to her later arrest. It "adds no



**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

new claims, defendants, or legal theories." *Plaintiff's Motion for Leave to File Ltd. SAC* (Dkt. 24) ("*Motion*") at 2.

Because the amendment changes nothing that bears on the pending Motion to Dismiss, the SAC is futile. T-Mobile moved to dismiss the FAC on three grounds: immunity under 18 U.S.C. § 2703(e); the good-faith defense under 18 U.S.C. § 2707(e); and the two-year limitations period of 18 U.S.C. § 2707(f). The proposed SAC does not concern any of these arguments. Instead, Plaintiff attempts to include facts regarding a warrant issued more than a month *after* Plaintiff pleads that T-Mobile produced the records (*SAC* ¶¶ 64(a)-(b), 81), and Plaintiff pleads that the warrant "does not identify or establish any grand-jury matter corresponding to the earlier provider process." *SAC* ¶ 64(d). Because the SAC would fail for the same reasons as the FAC, the amendment is futile, and leave should be denied.

In the alternative, T-Mobile requests that the Court decide the pending Motion to Dismiss first. If this Court does grant leave for Plaintiff to file the SAC, T-Mobile requests that this Court deem its Motion to Dismiss directed to the SAC and decide it on the existing briefing.

## II. FACTUAL BACKGROUND

### A. Plaintiff's FAC

Plaintiff alleges that T-Mobile disclosed subscriber records concerning her in response to a February 9, 2023, Bergen County grand jury subpoena, Case File Number CC-2023-00004, and that the disclosure was "Provided On: February 15, 2023" to the requester the subpoena named, DSgt. Charles DiMaria of the Old Tappan Police Department. *FAC* ¶¶ 52-53, 61, 77-82. She alleges she received portions of the request materials and related production materials in criminal discovery "on or about January 16, 2024," and she filed this action on May 21, 2026. *FAC* ¶ 99; *Complaint* (Dkt. 1).

///



**STOKES LAWRENCE, P.S.**
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

**B. T-Mobile Moves to Dismiss the FAC**

T-Mobile moved to dismiss the FAC with prejudice on July 17, 2026. Plaintiff opposed and, in the alternative, asked for leave to amend. *Plaintiff's Opp'n. to MTD* (Dkt. 18) at 18. T-Mobile filed its Reply and the matter is now fully briefed. *Defendant's Reply ISO MTD* (Dkt. 20) ("*MTD Reply*").

**C. Plaintiff's First Motion to File a SAC**

On August 29, 2026, while the Motion to Dismiss was pending, Plaintiff moved for leave to file a limited second amended complaint revising, by her own description, only paragraph 64. *Plaintiff's First Motion for Leave to Amend* (Dkt. 19) ("*First Motion*") at 2. In that motion she represented that the amendment "does not alter Plaintiff's claim against T-Mobile USA, Inc. or the positions already presented in the pending motion-to-dismiss briefing," stated that she "does not seek to restart or supplement the pending motion-to-dismiss briefing," and asked that the Motion to Dismiss be treated as directed to the amended pleading. *First Motion* at 2 - 4; [Proposed] Order (Dkt. 19-2) ¶¶ 3 - 7. After T-Mobile opposed, Plaintiff filed a reply attaching a corrected redline and maintaining that the substance of the amendment was unchanged. *Defendant's Opp'n to First Motion* (Dkt. 21); *Plaintiff's Reply ISO First Motion* (Dkt. 22). On October 21, 2026, the Court denied that motion, permitted Plaintiff to "move for leave to file a second complaint by 11/11/2026," and re-noted the Motion to Dismiss for November 11, 2026. *Order* (Dkt. 23).

**D. Plaintiff's Second Motion to File a SAC**

On November 10, 2026, Plaintiff filed the present Motion. The Court then re-noted the Motion to Dismiss for December 1, 2026, the same date as Plaintiff's Motion. (Dkt. Text, Nov. 10, 2026.) The proposed SAC is identical to the FAC but for paragraph 64, with the new version alleging that Plaintiff possessed a March 27, 2023 Complaint-Warrant, No. 0243-W-2023-00008;



STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

that a municipal-court case search reflected Case W-2023-8 and police case CC-23-04; that the warrant was issued March 27, recalled March 28, and transferred to the prosecutor as "Indictable"; and that Plaintiff was arrested on April 11, 2023. *SAC* ¶ 64(a)–(b)(Dkt. 24-1); *Motion,* pg. 2. Plaintiff then pleads that these materials "do not, standing alone, establish the validity, authorization, provenance, or complete operative history" of that record, and that they "do not establish the grand-jury authority asserted for the earlier provider process." *SAC* ¶ 64(c), 64(e). Plaintiff's stated purpose is to "distinguish[] that later criminal process from the earlier provider disclosures at issue in this action." *Motion* at 2. She further states that the SAC "adds no new claims, defendants, or legal theories and does not expand the scope of this litigation." *Id.*

### E. Plaintiff's Discovery Motion and Anticipated Further Amendment

Six days later, on November 16, 2026, Plaintiff moved for leave to conduct limited early discovery from T-Mobile. Discovery Motion. In that motion she states that the requested discovery "may also provide grounds for a limited amendment concerning that same disclosure before final judgment," and that she "does not seek to introduce discovery evidence into the pending Rule 12(b)(6) determination, reopen completed briefing, or postpone consideration of T-Mobile's Motion to Dismiss." *Discovery Motion* at 7, 10.

## III. ARGUMENT

### A. Legal Standard

Leave to amend should be freely given when justice so requires, Fed. R. Civ. P. 15(a)(2); however, it is not automatic. A court may deny leave for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).



STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *Lynch v. Matterport, Inc.*, Nos. 23-4281, 24-188, 2025 U.S. App. LEXIS 5125 at *4 (9th Cir. Mar. 5, 2025) (citing *Bonin* and affirming denial of leave to amend because the plaintiff "**d[id] not explain how any proposed amendments could cure the defects on the merits**" of the claim) (emphasis added). An amendment is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim." *Invenergy Thermal LLC v. Watson*, No. 23-3857, 2024 U.S. App. LEXIS 32607, at *8 (9th Cir. Dec. 24, 2024) (citations omitted); *Billon, Inc. v. Slatin*, 769 F. App'x 443, 445 (9th Cir. 2019) (citations omitted). Denial is proper where "the complaint would not be saved by any amendment," because then "there [is] no need to prolong the litigation by permitting further amendment." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (internal quotation marks and citations omitted).

### B. The Amendment Is Futile Because It Does Not Address Any Ground for Dismissal

Plaintiff herself states the amendment adds "no new claims, defendants, or legal theories" and serves only to "distinguish[] that later criminal process from the earlier provider disclosures at issue in this action." *Motion* at 2. When she first proposed *the same amendment*, she went further, representing that it "does not alter Plaintiff's claim against T-Mobile USA, Inc. *or the positions already presented in the pending motion-to-dismiss briefing*." *First Motion* at 2 (emphasis added). Apart from paragraph 64, the SAC repeats the FAC's allegations, including every allegation on which the Motion to Dismiss relies. *Compare* FAC, *with* SAC; *see Motion* at 2. And the new paragraph 64 concerns a warrant issued more than a month after T-Mobile's production (SAC ¶¶ 64(a)-(b), 81), which Plaintiff herself alleges "does not identify or establish any grand-jury matter corresponding to the earlier provider process." SAC ¶ 64(d). The SAC is



STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

therefore subject to dismissal under 18 U.S.C. §§ 2703(e), 2707(e), and 2707(f) for the reasons set out in the Motion to Dismiss and Reply, and the amendment is futile.

Moreover, the SAC would not be saved by any amendment because the defects T-Mobile identified are legal consequences of facts Plaintiff has pleaded: the face of the subpoena, T-Mobile's production in response to it, and the timeline of her own receipt of the materials. Leave to amend is appropriate only "if deficiencies can be cured with additional allegations that are 'consistent with the challenged pleading' and that do not contradict the allegations in the original complaint." *Hays v. Bonnifield*, No. 23-55330, 2025 U.S. App. LEXIS 4176, at *4-5 (9th Cir. Feb. 24, 2025) (quoting *United States ex rel. Lee v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011)) (affirming denial of leave to amend *pro se* complaint).

The SAC, after full briefing that identified the FAC's deficiencies, fails to cure them. Accordingly, T-Mobile requests that the Court deny Plaintiff's Motion.

### C. Plaintiff's Prior Amendment and Stated Intent to Amend Again Confirm That Leave Is Unwarranted

The SAC would be Plaintiff's third complaint. She has already amended once, FAC (Dkt. 6). By her own account, the revision changes nothing relevant to the pending Motion to Dismiss. *First Motion* at 2. Nor is it offered as her final pleading: six days after filing the present Motion, Plaintiff told the Court that discovery "may also provide grounds for a limited amendment concerning that same disclosure." *Discovery Motion* at 7. An amendment that Plaintiff concedes is immaterial, offered as one step in a continuing series, does not warrant leave. *See Malheur Forest Fairness Coal. v. Iron Triangle, LLC*, 164 F.4th 710, 737-738 (9th Cir. 2026) (affirming denial of leave to amend where plaintiffs had not demonstrated "how they could amend their complaint to remedy the . . . deficiencies in their claims") (internal quote and citation omitted).



STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

**D. Alternatively, the Court Should Decide the Motion to Dismiss First or Apply It to the SAC**

In the alternative, T-Mobile requests that the Court decide the Motion to Dismiss before ruling on Plaintiff's Motion. Both motions are noted for December 1, 2026. By Plaintiff's own description, the amendment adds no new claims, defendants, or legal theories, Motion at 2, and "does not alter . . . the positions already presented in the pending motion-to-dismiss briefing," *First Motion* at 2. Plaintiff has also told the Court that she does not seek to "reopen completed briefing or postpone consideration of T-Mobile's Motion to Dismiss." *Discovery Motion* at 7. If the Court dismisses with prejudice, Plaintiff's Motion should be denied as moot. If the Court denies the Motion to Dismiss, the Court can then address the amendment.

If the Court instead grants leave, T-Mobile respectfully requests that the Court deem the Motion to Dismiss and the related briefing directed to the SAC and decide it without further briefing. That is the procedure Plaintiff herself proposed when she first sought leave to make this amendment, *First Motion* at 3–4; [Proposed] Order (Dkt. 19-2) ¶¶ 3–7, and it is consistent with her current statement that she does not seek to reopen completed briefing. *Discovery Motion* at 7. By Plaintiff's own redline, the SAC is identical to the FAC apart from paragraph 64 (Dkt. 24-1) and Plaintiff has already been heard on each ground. *Plaintiff's Opp'n to MTD*. T-Mobile further requests that its deadline to respond to the SAC under Federal Rule of Civil Procedure 15(a)(3) be extended until 14 days after the Court rules on the Motion to Dismiss.

## IV. CONCLUSION

For the foregoing reasons, T-Mobile respectfully requests that the Court deny Plaintiff's Motion for Leave to File Limited Second Amended Complaint as futile. In the alternative, T-Mobile requests that the Court decide the Motion to Dismiss first and then deny Plaintiff's Motion as moot, or, if the Court grants leave, deem the Motion to Dismiss and the related briefing directed



STOKES LAWRENCE, P.S.
1420 FIFTH AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-2393
(206) 626-6000

to the SAC, decide it on the existing briefing, and extend T-Mobile's Rule 15(a)(3) deadline to 14 days after that ruling.

DATED this 25th day of November, 2026.

STOKES LAWRENCE, P.S.

By: /s/ Sean Russel

Sean Russel, WSBA #34915
Helen McFarland, WSBA #51012
1420 Fifth Avenue, Suite 3000
Seattle, WA 98101-2393
Telephone: (206) 626-6000
Fax: (206) 464-1496
Sean.Russel@stokeslaw.com
Helen.McFarland@stokeslaw.com

CM LAW, LLP

By: /s/ Caroline A. Morgan

Caroline A. Morgan (admitted *pro hac vice*)
Mishell B. Kneeland (admitted *pro hac vice* )
National Litigation Support Center
13101 Preston Road, Ste. 110-1510
Dallas, Texas 75240
(917) 635-4940
CMorgan@cm.law
MKneeland@cm.law

*Attorneys for Defendant T-Mobile USA, Inc.*

I certify that this memorandum contains 2,049 words, in compliance with the Local Civil Rules.